FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 27, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHRINE R.,<br><br>　　　　Plaintiff,<br>　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,[1]<br><br>　　　　Defendant. | No: 2:19-CV-00334-FVS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT |

BEFORE THE COURT is the Plaintiff's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 26. For reasons discussed below, the Court denies Defendant's motion.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER ~ 1

# BACKGROUND

On October 1, 2019, Plaintiff filed a complaint pursuant to the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), challenging the Social Security Commissioner's (Defendant) final decision denying Plaintiff's application for Social Security Disability Insurance (SSDI) and Supplemental Security Income (SSI). ECF No. 1. Plaintiff's initial brief supporting her Motion for Summary Judgment was filed on November 30, 2020. ECF No. 18. Defendant's cross Motion for Summary Judgment was filed on January 27, 2021. ECF No. 21. Plaintiff filed a Reply on February 19, 2021. ECF No. 22. The Court entered an Order Denying Plaintiff's Motion for Summary Judgment and granting Defendant's Motion for Summary Judgment and entered Judgment against Plaintiff on May 25, 2021. ECF Nos. 24, 25. Now, Plaintiff brings a motion to alter or amend this Judgment pursuant to Fed. R. Civ. P. 52(b), 59(e), and, in the alternative, asks this Court to relieve Plaintiff of the Judgment and reopen this case pursuant to Fed. R. Civ. P. 60(b)(6). ECF No. 26.

# LEGAL STANDARD

Rule 52(b) allows the Court to amend its findings or make additional findings on a party's motion within 28 days of the original Judgment. Rule 59(e) also allows a party to file a motion to alter or amend following a judgment within 28 days after the entry of the judgment. The Ninth Circuit has held that it is appropriate to amend a judgment when "there is an intervening change in

ORDER ~ 2

controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In the alternative, Plaintiff requests that she be relieved of the final judgment and the case be reopened under Fed. R. Civ. P. 60(b)(6). ECF No. 26. Rule 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [for] . . . Any other reason that justifies relief." Relief from a judgment under Rule 60(b)(6) is appropriate where "extraordinary circumstances prevented [Plaintiffs] from taking timely action to prevent or correct an erroneous judgment." *Greenawalt v. Stewart*, 105 F.3d 1268, 1273 (9th Cir. 1997) (*citations omitted*).

## DISCUSSION

In furtherance of both legal theories, to amend the Judgment under Fed. R. Civ. P. 52(b) and to seek relief from the Judgment and have the case reopened under Fed. R. Civ. P. 60(b)(6), Plaintiff relies on the assertion that the Supreme Court's April 22, 2021 decision in *Carr v. Saul*, 141 S.Ct. 1352 (2021) represents an intervening change in the controlling law. ECF No. 26. The Court finds it does not.

On June 21, 2018, the Supreme Court issued a decision in *Lucia v. S.E.C.* finding that the appointment of Securities and Exchange Commission ALJs by lower-level staff violated the Constitution's Appointments Clause. 138 S.Ct. 2044 (2018). Like the ALJs at the Securities and Exchange Commission, ALJs at Social Security had been selected by lower-level staff rather than appointed by the head of

ORDER ~ 3

1  the agency.  On July 16, 2018, the Social Security's Acting Commissioner pre-

2  emptively "address[ed] any Appointments Clause questions involving Social

3  Security claims" by "ratif[ying] the appointments" of all Social Security ALJs and

4  "approv[ing] those appointments as her own."  84 Fed. Reg. 9583 (2019).  The

5  following year, Social Security issued a ruling stating that the Appeals Council

6  should, in response to timely requests for Appeals Council review, vacate

7  preratification ALJ decisions and provide fresh review by a properly appointed

8  adjudicator.  *Id. citing* S.S.R. 19-1p.  However, that remedy was only available to

9  claimants who had raised an Appointments Clause challenge in either their ALJ or

10  Appeals Council proceedings.  *Id.*  Claimants who had not objected to ALJ

11  appointments in their administrative proceedings would receive no relief.  See *id*.

12       Following *Lucia*, the Eight and Tenth Circuit Courts of Appeal adopted the

13  Commissioner's approach that an Appointments Clause challenge must be raised

14  before Social Security or the issue was forfeited.  In contrast, the Third, Fourth and

15  Sixth Circuits allowed claimants to challenge the constitutionality of the ALJ's

16  appointment for the first time in federal court.  *See Carr*, 141 S.Ct. at 1357.  The

17  Supreme Court resolved this circuit split on April 22, 2021 in *Carr* by finding that

18  a claimant can challenge the constitutionality of the ALJ's appointment for the first

19  time in federal court.  *Id*. at 1362.

20       In the present case, a hearing before an ALJ was held on April 24, 2018, Tr.

21  47, and the ALJ's decision was issued on October 22, 2018, Tr. 44.  Therefore, the

ORDER ~ 4

ALJ was not appointed by the Commissioner at the time of the hearing, but the ALJ's decision was issued months after the Supreme Court's June 21, 2018 decision in *Lucia*. Despite *Lucia* being established law at the time of Plaintiff's request for review from the Appeals Council, Plaintiff did not raise an Appointments Clause challenge before the Appeals Council. Tr. 414-15. After the Appeals Council's denied Plaintiff's request for review, she filed a complaint in this Court on October 1, 2019. ECF No. 1. In her briefing before this Court, Plaintiff did not raise the Appointments Clause challenge. ECF Nos. 18, 22. Briefing was completed in this case on February 19, 2021 with the filing of Plaintiff's Reply. ECF No. 22. On April 22, 2021, the Supreme Court issued its decision in *Carr*. This Court entered its Order and Judgment on May 25, 2021. Plaintiff did not provide this Court with any argument regarding the Appointments Clause challenge between April 22, 2021, the date of the *Carr* decision, and May 25, 2021, the date this Court entered an Order issuing Judgment in favor of Defendant and closing the case. Now, Plaintiff raises an Appointments Clause challenge arguing that the Supreme Court's decision in *Carr* is an intervening change in controlling law.

    The Supreme Court's decision in *Carr* is not an intervening change in controlling law. The Ninth Circuit Court of Appeals never issued a decision on whether the Appointments Clause challenge could be brought for the first time in federal court prior to the Supreme Court's decision in *Carr*. This District had

ORDER ~ 5

refused to create an issue exhaustion requirement with respect to the Appointments Clause challenge. *David S. v. Saul*, No. 1:19-CV-03009-JTR, 2020 U.S. Dist. LEXIS 251562 (E.D. Wa. Jan. 13, 2020) ("Absent statutory directive or binding precedential court ruling, the Court finds no basis to create an issue exhaustion requirement with respect to the Appointments Clause challenge. Plaintiff did not forfeit his right to bring the challenge by not raising it during the administrative proceedings."). Therefore, *Carr* does not constitute intervening change to controlling law in this District.

Plaintiff also argues that raising an Appointments Clause challenge before this Court prior to *Carr* would have been futile citing a "split of authority in Washing State District Courts" citing *David S.* in this District and *V. v. Comm'r of Soc. Sec.* in the Western District. ECF No. 26 at 4. While this District refused to create an issue exhaustion requirement in *David S.*, the Western District of Washington found that the Appointments Clause challenge was forfeited by waiting until the federal court to raise it. *V. v. Comm'r of Soc. Sec.*, No. 3:19-cv-05899-JRC, 2020 WL 5240220 (W.D. Wa. May 19, 2020). This case is before the Eastern District of Washington. Therefore, decisions from the Western District of Washington are not binding precedence and are not representative of how this District will approach such an issue. Therefore, Plaintiff's futility argument fails.

Furthermore, Magistrate Judge John Rodgers in this District provided the following footnote concerning *Lucia* in at least forty cases that predated the filing

ORDER ~ 6

of Plaintiff's Complaint:

> In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent *Lucia* applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

*See e.g. Karl K. v. Comm'r of Soc. Sec.*, No. 2:17-CV-0304-JTR, 2018 WL 4339381, at *2 n. 2( E.D. Wa. Sep. 11, 2018); *Ken S. v. Comm'r of Soc. Sec.*, No. 2:17-CV-00302-JTR, 2018 WL 4053327, at *3 n. 1 (E.D. Wa. Aug. 24, 2018); *Lee S. v. Comm'r of Soc. Sec.*, No. 2:18-CV-00135-JTR, 2019 WL 2232483, at *2 n. 2 (E.D. Wa. May 23, 2019); *Brian P. v. Comm'r of Soc. Sec.*, No. 2:18-CV-00232-JTR, 2019 WL 2330891, at *2 n. 3 (E.D. Wa. May 31, 2019); *Timothy M. v. Comm'r of Soc. Sec.*, No. 2:18-CV-00130-JTR, 2019 WL 2358401, at *2 n. 1 (E.D. Wa. Jun. 4, 2019); *Jolene W. v. Comm'r of Soc. Sec.*, No. 2:18-CV-00164-JTR, 2019 WL 2437464 at *2 n. 1 (E.D. Wa. Jun. 11, 2019).  Therefore, Plaintiff had plenty of case history from this District to demonstrate that raising the Appointments Clause challenge initially before this Court would not have been futile, but in fact a failure to raise the issue before this Court would result in issue preclusion.

Since there was no intervening change in controlling law, the Court will not amend or alter the Judgment, nor will the Court relieve Plaintiff from the

ORDER ~ 7

Judgment.

The Supreme Court's determination in *Lucia* significantly predated the filing of Plaintiff's Complaint. Magistrate Judge John Rodgers repeatedly found that a claimant's failure to raise the Appointments Clause challenge before this Court constituted a waiver of the issue prior to the filing of Plaintiff's Complaint. *See Supra*. Plaintiff's failure to raise the Appointments Clause challenge before this Court prior to Judgment constitutes a waiver of the issue. *See Carmickle*, 533 F.3d at 1161 n. 2 (9th Cir. 2008). The Ninth Circuit explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).[2]

---

[2] Under the current version of the Federal Rules of Appellate Procedure, the appropriate citation would be to Fed. R. App. P. 28(a)(8)(A).

ORDER ~ 8

Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Plaintiff's failure to raise and Appointments Clause challenge in her briefing before this Court constitutes a waiver of the issue. Therefore, she is precluded from raising for the first time after Judgment was entered against her.

In conclusion, the Supreme Court's decision in *Carr* is not an intervening change in controlling law. Therefore, Plaintiff's request that the Judgment be amended or altered under Fed. R. Civ. P. 52(b), 59(e) is DENIED and Plaintiff's request for relief from the Judgment under Fed. R. Civ. P. 60(b)(6) is DENIED. Plaintiff failed to raise the Appointments Clause challenge in her briefing before this Court, effectively waiving the issue.

**ACCORDINGLY, IT IS HEREBY ORDERED:** Plaintiff's Motion to Alter or Amend Judgment, **ECF No. 26**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** August 27, 2021.

*s/Fred Van Sickle*
Fred Van Sickle
Senior United States District Judge

ORDER ~ 9